IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF: )    CASE NO. BK10-82643-TJM
 )
TODD JAMES SLOAN, )    CH. 13
 )
Debtor. )

## ORDER

Hearing was held in Lincoln, Nebraska, on October 13, 2010, on the motion for relief from stay filed by creditor HBI, LLC (Fil. #8) and a resistance by Debtor (Fil. #21). Roxanne M. Alhejaj appeared for Debtor, and John Reefe appeared for HBI, LLC.

Debtor resides at the real property located at 5006 South 193rd Street, Omaha, Nebraska ("Property"). HBI, LLC ("HBI") was the purchaser of the Property at a trustee's sale which was conducted on August 30, 2010. At the sale, the trustee accepted the bid of HBI as the highest bidder in the amount of $132,468.00. The trustee, Erika Knapstein, a member of the Nebraska State Bar Association, issued the trustee's deed to HBI on August 31, 2010. The trustee's deed contains recitals with respect to the default under the underlying deed of trust, the recording of a notice of default, the mailing of the notice of default in the statutory manner to all persons entitled to notice thereof, the execution and publication of a notice of trustee's sale, and the mailing of the notice of sale to the trustors under the deed of trust and all persons entitled to notice thereof in accordance with applicable law.

On September 9, 2010, Debtor commenced this Chapter 13 proceeding. On that date, the trustee's deed had not yet been recorded. HBI now seeks relief from the automatic bankruptcy stay in order to continue with its proceedings in the County Court of Douglas County, Nebraska, to remove the Debtor from the Property. Debtor has objected to the granting of relief and asserts that the trustee's deed to HBI is voidable since it was not recorded prior to the date of bankruptcy filing. Debtor also appears to argue that the trustee's sale foreclosure process was not properly conducted since Debtor never received notice of default or notice of sale. Debtor's counsel also argues that certain subordinate lienholders should have been provided with notice of default and notice of sale.

Debtor's arguments are simply incorrect as a matter of Nebraska law. Neb. Rev. Stat. § 76-1010 provides as follows:

(1)    The purchaser at the sale shall forthwith pay the price bid, and upon receipt of payment, the trustee shall execute and deliver his or her deed to such purchaser. The trustee's deed may contain recitals of compliance with the requirements of the Nebraska Trust Deeds Act relating to the exercise of the power of sale and sale of the property described therein, including recitals concerning any mailing, personal delivery, and publication of the notice of default, any mailing and the publication and posting of notice of sale, and the conduct of sale. Such recitals shall constitute prima facie evidence of such compliance and conclusive evidence

thereof in favor of bona fide purchasers and encumbrancers for value and without notice.

        (2)     The trustee's deed shall operate to convey to the purchaser, without right of redemption, the trustee's title and all right, title, interest, and claim of the trustor and his or her successors in interest and of all persons claiming by, through, or under them, in and to the property sold, including all such right, title, interest, and claim in and to such property acquired by the trustor or his or her successors in interest subsequent to the execution of the trust deed. All right, title, interest, and claim of the trustor and his or her successors in interest, and of all persons claiming by, through, or under them, in and to the property sold, including all such right, title, interest, and claim in and to such property acquired by the trustor or his or her successors in interest subsequent to the execution of the trust deed, shall be deemed to be terminated as of the time the trustee or the attorney for the trustee accepts the highest bid at the time of the sale.

For purposes of this proceeding, HBI appears to be a bona fide purchaser for value and without notice. Certainly, no allegation has been made that HBI is not a bona fide purchaser or that it somehow had notice of a defect in the trustee's sale procedure. Accordingly, the recitals in the trustee's deed of compliance with the statutory procedure regarding notice of default, notice of sale, and mailing of the same is "conclusive evidence thereof in favor of" HBI. Since no evidence has been offered to remove HBI from the status of a bona fide purchaser for value and without notice, the sale to HBI cannot be set aside based upon a defect with respect to the alleged failure to give notice.

Further, subsection (2) of Neb. Rev. Stat. § 76-1010 makes it clear that the acceptance by the trustee of HBI's bid is the act that effectively terminated all right, title, interest, and claim of Debtor in and to the Property. The subsequent recording of the deed is a ministerial act as the actual transfer of title occurred upon acceptance of the bid. Thus, Debtor cannot avoid the interest of HBI simply because the trustee's deed was not recorded on the date of bankruptcy filing.

In light of the foregoing, all of Debtor's right, title, and interest in and to the Property were transferred to HBI prior to the bankruptcy filing. The Property is not property of the bankruptcy estate, and Debtor should not be entitled to detain the Property to the exclusion of HBI.

IT IS, THEREFORE, ORDERED that the motion for relief from stay (Fil. #8) is granted.

DATED:  October 21, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
       Roxanne M. Alhejaj
       *John Reefe
       Kathleen Laughlin
       United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.